1
2
3
4
5
6            **UNITED STATES DISTRICT COURT**
7               **DISTRICT OF NEVADA**
8

WILLIAM STATEN, JR.,                    )
9                                       )
            Plaintiff,                  )
10                                      )        2:13-cv-00972-RCJ-CWH
       vs.                              )
11                                      )
LOWE's HIW, Inc.,                       )        **ORDER**
12                                      )
            Defendant.                  )
13 _____  )

14        This is an age discrimination case.  Pending before the Court is a Motion to Dismiss

15 (ECF No. 8).  For the reasons given herein, the Court grants the Motion, with leave to amend in

16 part.

17 **I.      FACTS AND PROCEDURAL HISTORY**

18        In or about December 2006, Defendant Lowe's HIW, Inc. ("Lowe's") hired Plaintiff

19 William Staten, jr. as a Millworks Specialist at one of its stores in Las Vegas, Nevada. (Compl.

20 ¶ 8, June 3, 2013, ECF No. 1).  In or about 2008, Lowe's replaced the Store Manager with non-

21 party Jake Gumas, who was in his late twenties, and in or about October 2011, Lowe's hired

22 three new salespeople, all of whom were under forty years of age and less qualified than Plaintiff,

23 and transferred the majority of Staten's exterior sales responsibilities to these new employees

24 such that the younger employees received a large portion of the sales commissions that

25 previously would have been Staten's, significantly reducing Staten's remuneration. (*Id.*

1   ¶¶ 12–16).

2        On or about March 21, 2012, Staten was stocking windows with two other employees,

3   ages thirty-six and twenty-three, in the presence of a Lowe's Audit Team member who had

4   responsibility to prevent unsafe procedures. (*Id.* ¶¶ 17–20).  The Audit Team member did not

5   identify any unsafe procedures, and the task was completed without incident. (*Id.* ¶¶ 21–22).  The

6   next day, Gumas called Staten into Gumas's office with Human Resources Manager Adita

7   Rigoza, who was also under the age of forty, and told Staten he was stocking windows unsafely

8   and requesting that Staten write an incident report concerning the previous day's window

9   stocking. (*Id.* ¶¶ 23–24).  Staten found the request odd, because there had never been any

10  incidents or complaints regarding the way he stocked windows. (*See id.* ¶ 25).  After Staten

11  complied, the Lowe's District Loss Prevention office sent an email to all Lowe's stores

12  concerning "Rack Safety," which email included no guidance concerning what Lowe's

13  considered to be safe procedures for loading racks. (*Id.* ¶¶ 26–27).

14       On or about March 24, 2012, Lowe's Sales Manager Robin Creeger, also under the age of

15  forty, called Staten into Creeger's office with Gumas, and Gumas told Staten that Lowe's was

16  terminating his employment due to the alleged safety violation. (*Id.* ¶¶ 28–29).  The other two

17  employees, who were under the age of forty, were not terminated or disciplined in any way to

18  Staten's knowledge. (*Id.* ¶ 30).  Staten had never been disciplined before his termination.

19  (*Id.* ¶ 31).  Based on the circumstances, Staten believes he was terminated based upon his age at

20  the time, sixty-three years old. (*See id.* ¶¶ 32–33).

21       Plaintiff sued Defendant in this Court on what in substance appear to be four causes of

22  action, though the first two are grouped together as a single claim in the Complaint: (1) violation

23  of the Age Discrimination in Employment Act ("ADEA"); (2) violation of Nevada Revised

24  Statutes ("NRS") section 613.310; (3) negligent training and supervision; and (4) intentional

25  infliction of emotional distress ("IIED").  Defendant has moved to dismiss the last two causes of

1  action for failure to state a claim.

2  **II.   LEGAL STANDARDS**

3       Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

4  claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

5  what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47

6  (1957).  Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action

7  that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

8  12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720

9  F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for

10  failure to state a claim, dismissal is appropriate only when the complaint does not give the

11  defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell*

12  *Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is

13  sufficient to state a claim, the court will take all material allegations as true and construe them in

14  the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th

15  Cir. 1986).  The court, however, is not required to accept as true allegations that are merely

16  conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden*

17  *State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action

18  with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation

19  is plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550

20  U.S. at 555).

21       "Generally, a district court may not consider any material beyond the pleadings in ruling

22  on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the

23  complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner*

24  *& Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

25  whose contents are alleged in a complaint and whose authenticity no party questions, but which

1   are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

2   motion to dismiss" without converting the motion to dismiss into a motion for summary

3   judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule

4   of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*

5   *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court

6   considers materials outside of the pleadings, the motion to dismiss is converted into a motion for

7   summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.

8   2001).

9   **III.   ANALYSIS**

10       The Court agrees with Defendant that a negligent training and supervision claim cannot

11   lie in this case. This Court has ruled before that this claim does not lie in Nevada based upon

12   statutorily improper discrimination, but only for physical harm. *See Hall v. Raley's*, 2010 WL

13   55332, at *9 (D. Nev. Jan. 6, 2010) (Jones, J.).

14       Moreover, adding a negligent supervision claim to a statutory discrimination claim based

15   upon the employer's alleged negligence in causing the statutory discrimination is logically and

16   tactically useless. It makes no sense and serves no purpose to allege that an employer was

17   negligent in causing an employee to engage in statutory discrimination for which the employer is

18   strictly liable absent any negligence at all. As opposed to a negligence claim against an employer

19   under a respondeat superior theory, whereby a plaintiff seeks to hold an employer vicariously

20   liable for the active negligence of its employees, plaintiffs bringing negligent hiring, training, and

21   supervision claims seek to hold an employer liable for its own active negligence in hiring,

22   training, or supervising an employee under circumstances where the employer knew or should

23   have known the employee would pose a risk of causing harm. But where the harm allegedly

24   caused by the employee is statutorily prohibited discrimination, a negligent training and

25   supervision claim is subsumed under the statutory cause of action, in this case for age

discrimination, under which only the employer itself can be held liable. *See Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587 (9th Cir. 1993) (citing 29 U.S.C. §§ 216(b), 626(b)).  The relevant statutes and case law provide the mens rea required for an employer to be held liable thereunder: strict liability upon proof of intentional discrimination or disparate impact (the latter is not implicated in this case). *See Smith v. City of Jackson, Miss.*, 544 U.S. 228, 240 (2005).  An act of discrimination by a supervisory employee resulting in a tangible employment action, as alleged here, results in strict liability by the employer; the negligence standard is only relevant to statutorily cognizable harassment-type claims where non-supervisory employees engage in the harassment, which is not alleged here. *See Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2439 (2013).  A negligent supervision claim under state law is therefore necessarily more difficult to prove than the statutory claim, because the state law negligent supervision claim requires a plaintiff to show not only statutorily prohibited discrimination by the supervisory employee, but also active negligence by the employer.

The only tactical advantages to adding a negligent supervision claim to a statutory discrimination lawsuit would appear to be to avoid a shorter statute of limitations under the statutory claim or to access a higher measure of damages under state law.  Neither of these purposes is served by adding a negligent supervision claim to a statutory discrimination claim in Nevada.  The statute of limitations for a federal ADEA claim is at least as long as that for a negligence claim in Nevada, *compare* 29 U.S.C. § 255 (two or three years, depending on the employer's willfulness), *with* Nev. Rev. Stat. § 11.190(4) (two years), and the statute of limitations in Nevada for statutorily created actions under state law not based upon a penalty or forfeiture, such as for age discrimination under Nevada Revised Statutes section 613.330(1)(a), is always longer than that for negligence claims, *compare id.* § 11.190(3)(a) (three years), *with id.* § 11.190(4) (two years).  And punitive damages under Nevada law are not only statutorily capped, they must also be proved by clear and convincing evidence, *see id.* § 42.005, whereas

under federal law this measure of damages is capped only by the Due Process Clause and need only be proved by a preponderance of the evidence.  Therefore, even if the Court were to rule that a negligent supervision claim could be brought based upon negligence with respect to the statutory anti-discrimination standards, the claim would add no tactical value to the case.[1]

Nor can Plaintiff allege that the simple negligence of the employer resulted in a common law wrongful termination based upon age discrimination, because age discrimination is not an exception to the at-will employment rule in Nevada. *See Sands Regent v. Valgardson*, 777 P.2d 898, 900 (Nev. 1989).

The Court also dismisses the IIED claim, with leave to amend.  Plaintiff alleges no objectively verifiable physical manifestation of emotional distress nor any physical impact obviating the need for such a pleading. *See, e.g.*, *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1387 (Nev. 1998) ("[I]n cases where emotional distress damages are not secondary to physical injuries, but rather, precipitate physical symptoms, either a physical impact must have occurred or, in the absence of physical impact, proof of 'serious emotional distress' causing physical injury or illness must be presented.").

///

///

///

///

///

///

---

[1]In fact, in a case like the present one, because of the strict liability of an employer under the statute for a tangible employment action by a supervisory employee as compared with the negligence standard of a negligent supervision claim, and because of the stricter standards to obtain punitive damages under state law as compared with federal law, an attorney bringing *only* a negligent supervision claim and not a direct statutory claim might even be guilty of malpractice.

1

**CONCLUSION**

2       IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 8) is GRANTED, with

3   leave to amend in part.  The negligent training and supervision and IIED claims are dismissed,

4   with leave to amend the IIED claim.

5       IT IS SO ORDERED.

6   Dated this 17th day of September, 2013.

7       _____

8       ROBERT C. JONES
        United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25